| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

SERENA LOUISE JOHNSON, §
　　　　　　　　　　　　　　§
　　　　Petitioner, §
　　　　　　　　　　　　　　§
versus　　　　　　　　　　　§　CIVIL ACTION NO. 1:17-CV-237
　　　　　　　　　　　　　　§
DIRECTOR, TDCJ-CID, §
　　　　　　　　　　　　　　§
　　　　Respondent. §

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Serena Louise Johnson, an inmate confined at the Crain Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the petition be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes petitioner's objections are without merit.

In her objections, petitioner contends she was a psychiatric patient and on psychotropic medication at the time of the offense for which she was convicted. Additionally, in her petition, petitioner claimed she has been a mental health patient most of her life. In certain circumstances, mental incompetency might support equitable tolling of the limitations period. *See Fisher v. Johnson*, 174 F. 3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001). Therefore, interpreted liberally, petitioner's objections are construed as a request for equitable tolling.

The one-year limitations period in section 2244(d) is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*, at 649. In *Holland*, the Court defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." *Id*. at 653. However, "equity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).

After careful consideration, the Court concludes petitioner has failed to demonstrate she is entitled to equitable tolling. While petitioner contends she was a psychiatric patient and on psychotropic medication at the time of the offense and has been a mental health patient most of her life, she has not claimed mental illness or incapacitation prevented her from pursuing her habeas corpus remedies. In fact, a review of her state habeas application reveals petitioner filed her first state habeas application *pro se* on May 4, 2015. *See Ex parte Johnson*, WR-83,244-01. The application was denied by the Texas Court of Criminal Appeals on September 9, 2015.

Considering the facts presented in this case, petitioner's claims more closely resemble garden variety claims of excusable neglect, falling short of showing extraordinary circumstances necessary to support equitable tolling. *See United States v. Wheaton*, 826 F.3d 843, 851-53 (5th Cir. 2016); *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008). Neither a party's "unfamiliarity with the legal process nor his lack of representation during the applicable filing period" warrants equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Further, attorney negligence alone does not suffice. *Holland,* 560 U.S. at 651-52. As petitioner has failed to show extraordinary circumstances, petitioner is not entitled to tolling for the period of time from the expiration of her one-year limitations period until the date her state application was filed, May 5, 2015.

Additionally, a state application for writ of habeas corpus which is filed after the federal limitations period has expired does not revive any portion of the fully-expired limitations period. *See Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999). Thus, petitioner's state application did not serve to toll the limitations period.

Moreover, petitioner failed to diligently pursue her remedies following the denial of her state application for writ of habeas corpus, waiting over twenty months after denial of the application before she filed this petition on June 1, 2017. Accordingly, petitioner has not presented the existence of rare and extraordinary circumstances as to warrant equitable tolling, and this petition is barred by limitations.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions

3

presented are not worthy of encouragement to proceed further. Thus, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Therefore, a certificate of appealability shall not be issued.

**ORDER**

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 12th day of March, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE